**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN BAUGHER<br>241 E. Market Street,<br>Bethlehem, PA 18018,<br><br>Plaintiff,<br><br>v.<br><br>FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY<br>590 Madison Avenue,<br>29th Floor,<br>New York, NY 10022,<br><br>Defendant. | No. |

## COMPLAINT

Plaintiff Ryan Baugher ("Plaintiff" or "Mr. Baugher"), through his undersigned counsel, for his Complaint against Defendant First Reliance Standard Life Insurance Company ("First Reliance" or "Defendant"), states as follows.

## INTRODUCTION

1. This is an action brought pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). ERISA is a remedial statute that Congress enacted to protect "the interests of participants in employee benefit plans and their beneficiaries" by requiring the establishment of uniform standards of disclosure, conduct, and fiduciary responsibility. 29 U.S.C. § 1001(b). It imposes higher than marketplace standards on insurers and employee benefit plan fiduciaries—like Defendant—who must act in the sole interest

of benefit plan participants and their beneficiaries for the exclusive purpose of providing benefits under the terms of an employee benefit plan.

2. First Reliance wrongfully terminated Mr. Baugher's long-term disability ("LTD") benefits that he was entitled to under the terms of Paychex, Inc.'s Group Disability Plan ("the Plan"), and denied him a full and fair review of his claim for Plan benefits when he appealed the adverse claim determination at issue in this case.

**THE PARTIES**

3. Mr. Baugher was an employee of Paychex, Inc., and a participant in the Plan funded by Group Policy No. LTD 126999 ("the Policy").

4. The Plan is an employee welfare benefit plan that provides long-term disability benefits to eligible Plan participants subject to the terms of the Plan.

5. Defendant First Reliance Standard Life Insurance Company ("First Reliance Standard") is an insurance company organized under the laws of the State of New York with its principal place of business in Philadelphia.

6. First Reliance issued the Policy to fund LTD benefits under the Plan.

7. First Reliance is the insurer responsible for adjudicating claims for Plan benefits arising under the Plan's LTD program.

8. First Reliance is a fiduciary as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), as it, *inter alia*, exercises authority or control respecting management or disposition of Plan assets.

**JURISDICTION AND VENUE**

9. The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to

29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

10. The Court has personal jurisdiction over Defendant as Defendant regularly transacts business in this District and Division. This Court also has personal jurisdiction over Defendant because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

11. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because at all relevant times, Defendant may be found in this District, the plan is administered in this district, and Defendant maintains claims administration operations in this District.

## TERMS OF THE PLAN

12. Under the terms of the Plan, a participant is entitled to LTD benefits if they meet the Policy's definition of "Totally Disabled" or "Total Disability".

13. The Group Policy's definition of "Totally Disabled" and "Total Disability" is as follows:

> "**Totally Disabled**" and "**Total Disability"** mean, that as a result of an Injury or Sickness:
>
> 1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>
> 2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

14. The Group Policy defines "Regular Occupation" as follows:

> "**Regular Occupation**" means the occupation the Insured is routinely performing when Total Disability begins. We will look at the Insured's occupation as it is normally performed in the national

> economy, and not the unique duties performed for a specific employer or in a specific locale.

15. The Group Policy defines "Elimination Period" as follows:

> "**Elimination Period**" means a period of consecutive days of Total Disability, as shown on the Schedule of Benefits page, for which no benefit is payable. It begins on the first day of Total Disability.

16. The Schedule of Benefits specifies an Elimination Period of 180 consecutive days of Total Disability.

## FACTS

17. Mr. Baugher was employed as a Mid-Market HCM Consultant with Paychex, Inc. and was a participant in the Plan funded by the Policy.

18. Mr. Baugher's final day of active work with Paychex, Inc. was April 15, 2024 due to a Traumatic Brain Injury (TBI) and Post-Concussion Syndrome resulting from a motor vehicle accident.

19. Mr. Baugher suffered from severe and debilitating neurological, cognitive, visual, and psychological symptoms, including post-concussive cognitive impairment, photophobia, phonophobia, balance deficits, dizziness, chronic fatigue, nausea, and post-traumatic stress disorder.

20. Mr. Baugher submitted a claim for LTD benefits to First Reliance Standard under the Plan and Policy.

21. Following satisfaction of the 180-day Elimination Period on October 17, 2024, First Reliance Standard approved Mr. Baugher's LTD claim.

22. First Reliance Standard paid Mr. Baugher monthly LTD benefits under the Plan from October 17, 2024 through May 16, 2025.

23. On June 10, 2025, First Reliance Standard notified Mr. Baugher that it was terminating his LTD benefits effective May 17, 2025, asserting that he was no longer Totally Disabled from performing the material duties of his Regular Occupation.

24. At the time of benefit termination, Mr. Baugher remained Totally Disabled under the terms of the Plan and Policy, as substantiated by his treating healthcare providers.

25. Mr. Baugher submitted a formal administrative appeal of First Reliance Standard's decision to terminate his LTD benefits.

26. In support of his appeal, Mr. Baugher submitted comprehensive medical evidence confirming cognitive deficits and work-preclusive functional restrictions.

27. First Reliance Standard failed to conduct an adequate review evaluating Mr. Baugher's documented functional limitations.

29. First Reliance Standard upheld the termination of Mr. Baugher's LTD benefits.

30. Mr. Baugher has exhausted all available administrative remedies under the Plan and Policy, and all conditions precedent to the filing of this action have been performed or have occurred.

**COUNT I – DENIAL OF LTD BENEFITS**
**PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

31. Mr. Baugher repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

32. First Reliance Standard has failed to pay Mr. Baugher LTD benefits to which he is entitled under the terms of the Plan and Group Policy.

33. Mr. Baugher has exhausted his internal administrative remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

34. Mr. Baugher is entitled to LTD benefits under the terms of the Plan because he is disabled as defined by the Plan and Policy.

35. The denial and termination of Mr. Baugher's claim for LTD benefits was contrary to the terms of the Plan and Policy, *de novo* wrong, and an abuse of discretion.

36. First Reliance failed to provide Mr. Baugher with a full and fair review of his claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as 29 C.F.R. § 2560.503-1, by, *inter alia*, failing to conduct a physical or mental examination of Mr. Baugher, relying on the flawed and self-serving reports of its paper-review consultants, cherry-picking the evidence, ignoring the opinions and clinical findings of Mr. Baugher's treating healthcare providers and objective neuropsychological testing, failing to weigh timely relate-back evidence, and relying on a flawed vocational analysis.

37. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

38. As a result of First Reliance's denial and termination of Mr. Baugher's LTD benefits, its decision to uphold its denial, and its refusal to pay ongoing benefits, there exists an actual case and controversy by and between the parties hereto entitling Mr. Baugher to a declaration of rights clarifying the benefits to which he is entitled under the Plan.

WHEREFORE, Mr. Baugher prays the Court grant him the following relief with respect to Count I of his Complaint:

a That the Court enter judgment in favor of Mr. Baugher and against First Reliance Standard, and award him all past due disability benefits and future benefits pursuant to the terms of the Plan;

b Order First Reliance Standard to pay Mr. Baugher prejudgment interest on all benefits that have accrued prior to the date of judgment;

c That the Court award Mr. Baugher his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against First Reliance Standard; and

d That Mr. Baugher recovers any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ Zachary Lipschutz
Zachary Lipschutz (326208)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 1111
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
zach@garnerltd.com
*Attorney for Plaintiff*

Dated: November 11, 2026